

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

Marvin Mosley
     plaintiff,

vs.

Trooper Chris Asmar, Glen Runk,
Elizabeth Dibler, Michele Gemskie,
Cathy Crowley
     defendant.

1:11-cv-08783
Judge Virginia M. Kendall
Magistrate Judge Young B. Kim

**RECEIVED**
DEC 1 2 2011
DEC 12 2011
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### NOTICE OF INTENT TO SUE

PLEASE TAKE NOTICE that on December 12, 2011, the undersigned will appear before the office of the Clerk Of The U.S District Court, United States Court House, located at 219 South Dearborn Street, Chicago, Illinois 60604, and then and there present the attached complaint under the civil rights act, title 42 section 1983 U.S. Code. And a copy is hereby served upon you.

Trooper Chris Asmar
9511 W. Harrison
DesPlaines, Illinois 60016

Glen Runk, Elizabeth Dibler
Michele Gemskie, Cathy Crowley
5600 Old Orchard Road
Skokie, Illinois 60066

Marvin Mosley

/Marvin Mosley/

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISON

**RECEIVED**

DEC 1 2 2011

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Marvin Mosley
    plaintiff,

vs.

Case No: 1:11-cv-08783
Judge Virginia M. Kendall
Magistrate Judge Young B. Kim

Trooper Chris Asmar, glen Runk,
Elizabeth Dibler, Michele Gemskie,
Cathy Crowley
    defendant.

1. **CHECK ONE ONLY:**

    **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42**
  __X__ **SECTION 1983 U.S. Code.**

    **COMPLAINT UNDER THE CONSTITUTION ("BIVEN" ACTION),**
  ____ **TITLE 28 SECTIION 1331 U.S Code.**

  ____ **OTHER**

**I.** **Plaintiff(s):**

Marvin Mosley
4120 S. Drexel Blvd #2-a
Chicago, Illinois 60653

**II.** **Defendant(s):**

Trooper Chris Asmar
State Police
9511 W. Harrison
DesPlaines, Illinois 60016

Glen Runk
Assistant State's Attorney
5600 Old Orchard Road
Skokie, Illinois 60066

Elizabeth Dibler
Assistant State's Attorney
5600 Old Orchard Road
Skokie, Illinois 60066

2

Michele Gemskie
Assistant States Attorney
5600 Old Orchard Road
Skokie, Illinois 60066

(K) Cathy Crowley
Assistant State Attorney
5600 Old Orchard Road
Skokie, Illinois 60066

III      **List ALL lawsuits you ( and your co-plaintiffs, if any ) have filed in any state or federal court in the United States:**
This section does not apply for Plaintiff have not filed any lawsuit state or federal.

IV:		Statement of Claim:

Plaintiff Contends that on or about November 24, 2009. Plaintiff, Marvin Mosley, was charge by complaint for preliminary examination No. F 03-09-4231 in the circuit court of cook county, Illinois with one count of unlawful use of weapon by a felon in violation of (720 ILCS 5/24-1.1.A) and one count of Deface firearm ID Markings in violation of (720 ILCS 5/24-5.A) and improper parking on Roadway, (625 ILCS 5/11-1301) Driving under the influence, (625 ILCS 5/11 – 501 (a) (4), and no valid driving license, ( 625 ILCS 5/6 -101. These offenses allegedly occurred on November 24, 2009. On January 26, 2010, plaintiff, Marvin Mosley, was charged by indictment in the circuit court of skokie, with one count of unlawful use of weapon by a felon, in violation of (720 ILCS 5/24 – 1.1 (A) of the Illinois complied statute 1992, and two counts of aggravated unlawful use of weapon, in violation of (720 ILCS 5/24 – 1.6(A) (3) (A) and (720 ILCS 5/24 – 1.6 (A) (3)(c) of the Illinois complied statutes 1992, as amended. These alleged offenses occurred on November 24, 2009, and each count of the indictment indicates that a prosecution for the same conduct have been pending against plaintiff since 2009. Plaintiff move to dismiss the charges because they are barred by the applicable sixty (60) day statute of limitations (725 ILCS 5/111-2) and contrary to the ILCS Circuit Court Rules Part 14.1. Plaintiff assert that it is his understanding of the case law that although a felony prosecution can be commenced by filing of an information, complaint or indictment for a felony offense, there has to be an indictment or an information filed within the statute of limitations, otherwise, the charging document has to state why the statute of limitation extended. In this case the defendant did not find that the misdemeanor pending stays the pending prosecution for this offense. The State must properly invoke the tolling code that tolls the limitation period in the charging instrument. The long establish rule that if the indictment or information shows on its face that the offense was not committed within the period of limitations facts must be averred which invoke one of the exceptions contain in the statute. The Supreme Court modified the rule, concluding that the State must not only set forth circumstances which, in and of themselves would provide a basis for tolling a limitation period, but the State must make clear that those circumstances are in fact the basis upon which the State seeks to toll the limitation period. There is no where in the charging instrument that states a reason why the time for filing charges are tolled. The State did not meet the statute of limitation for filing charges and each of the Assistant States Attorney involved in this case is well aware that this case should have been dismissed

4

January 22, 2010. This indictment does not included a specific language to the effect that the period within which the prosecution must be commenced does not included certain dates, in that certain facts exist which invokes an exception to the statute of limitation. The prosecution at Skokie Court House is not adhering to the laws of the court of cook county but have taken matter into their own hands to do as they please. Plaintiff have and continue to be subject the process of due process violations contrary to law.

V. **Relief:**

Plaintiff want the court to order that this case be dismissed and that each of the prosecuting attorney be order to pay plaintiff $500,000.00 for their part in this prosecution.

VI. The Plaintiff demands that the case be tried by a Jury  __X_ YES  _____ NO

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledgr, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this _12th_ day of _Dec._, 20 _11_

_Marvin Mosley_
(Signature of plaintiff or plaintiffs)

_Marvin Mosley_
(Print name)

4120 S. Drexel Blvd #2-a
Chicago, Ill 60653
(708) 662-0103

6