# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8783 | **DATE** | 12/19/2011 |
| **CASE TITLE** | Mosley vs. Asmar et al | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Mosley's Motions to Proceed *In Forma Pauperis* [4] and for the Appointment of Counsel [5] are denied.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

     Plaintiff Marvin Mosley moves to proceed *in forma pauperis* without the full prepayment of filing fees and for the appointment of counsel. For the reasons stated below, Mosley's Motions to Proceed *In Forma Pauperis* and for the Appointment of Counsel are denied.

     Pursuant to 28 U.S.C. § 1915(a), the Court may authorize Mosley to proceed *in forma pauperis* if heis unable to pay the mandated court fees. Mosley need not be penniless to proceed *in forma pauperis* under § 1915(a)(1). *See Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). Instead, he is eligible to proceed *in forma pauperis* if payment of the filing fee will prevent him from providing for life's necessities. *See Id.* According to his financial affidavit, Mosley is not currently employed. Mosley does not own any real estate or any additional items of personal property worth over $1,000, nor does he have more than $200 in cash or in a checking or savings account. According to his financial affidavit Mosley has received $130.00 in food stamps over the past twelve months. Based on these facts, Mosley's financial affidavit sets forth her inability to pay the mandated court fees.

     The Court, however, must look beyond Mosley's financial status. Section 1915 requires the Court to review an action of a plaintiff who seeks to proceed *in forma pauperis* and dismiss the action if it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if the plaintiff seeks damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003).

     When evaluating whether a plaintiff has stated a claim in the context of an application for leave to proceed *in forma pauperis*, the court applies the same standard as that for a motion to dismiss under Rule 12(b)(6). *See Allen v. JP Morgan Chase*, 2010 WL 1325321 at *1 (N.D. Ill. 2010) (citing *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000)). When considering a Rule 12(b)(6) motion, the Court accepts as true all facts alleged in the

complaint and construes all reasonable inferences in favor of the non-moving party. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir.1995). To properly state a valid claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true ... 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To determine whether a complaint meets this standard the "reviewing court [must] draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950. If the factual allegations are well-pleaded, the Court assumes their veracity and then turns to determine whether they plausibly give rise to an entitlement to relief. *Id.* A claim has facial plausibility when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Id.* at 1949. However, "courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

Mosley brings a cause of action against Asmar, a state police officer, Runk, Assistant State's Attorney, Dibler, Assistant State's Attorney, and Genskie, Assistant State's Attorney, for violations of 42 U.S.C. § 1983. Mosley claims that he is being prosecuted for crimes he committed on November 24, 2009. He claims that the state failed to indict him within the relevant limitations period. However, the state court proceedings are still underway, and it is not the place of the federal courts to intervene and disrupt the state process. *Younger v. Harris*, 401 U.S. 37 (1971). Mosley will get an adequate opportunity to have his claims reviewed either on direct appeal or state collateral review. *Simpson v. Rowan*, 73 F.3d 134, 137 (7th Cir. 1995); *see also Olsson v. O'Malley*, 352 Fed. Appx. 92, 94 (7th Cir. 2009). Furthermore, Mosley has not shown that the state court's process has been ineffective. *Olson,* 352 Fed Appx. at 94. *Younger*–which instructs the federal courts to abstain from enjoining ongoing state criminal proceedings–applies to this case. *Younger*, 401 U.S. 37. Furthermore, prosecutors have absolute immunity from suit under § 1983, so Mosley's claim fails against Renk, Dibler, and Genskie. *See Imbler v. Pachtman*, 424 U.S. 409 (1976).

The Court finds that Mosley's claims, as alleged, fail as a matter of law and must be dismissed. Therefore, Mosley's claims are not properly before the Court, and his Motions to Proceed *In Forma Pauperis* and for the Appointment of Counsel are denied.